UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MIGUEL ANGEL BARRENECHEA,<br><br>    Defendant. | Case No: CR 94-0206 SBA<br><br>**ORDER DENYING DEFENDANT BARRENCHEA'S PRO SE MOTION TO EXPUNGE**<br><br>Docket 433, 437 |

Miguel Angel Barrenechea ("Barrenechea") is a federal prisoner presently incarcerated at USP-Victorville, following his conviction and sentence by the Honorable Thelton E. Henderson in United States v. Cornejo, et al., Case No. C 92-403 MMC ("Cornejo").  This matter is now before the Court on Barrenechea's pro se "Motion to Expunge – Striking the Numbers 71 through 76 from the Presentence Report."  Dkt. 433.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion without prejudice for the reasons set forth below.

I.  **BACKGROUND**

In August 1992, the Government filed an indictment against Barrenechea, Rafael Cornejo ("Cornejo") and various others, charging them with conspiracy to distribute cocaine and other drug trafficking-related charges.  Cornejo, Dkt. 14.  The action was assigned to the Honorable Thelton E. Henderson.  While awaiting trial, Cornejo and Barrenechea were detained at FCI-Dublin.  Through a confidential informant, the Government learned that Cornejo and Barrenechea, along with Charles Robert Hardin

1  ("Hardin") and Kenneth Edward Elliott ("Elliott"), were allegedly plotting an escape from
2  detention.  As a result, on April 28, 1994, the Grand Jury returned an Indictment against
3  Cornejo, Barrenechea, Hardin and Elliott, charging them with conspiring to commit an
4  escape.  The new "escape" case was assigned to this Court, which, on March 5, 1996,
5  granted the defendants' motion to dismiss based on prosecutorial misconduct.  See United
6  States v. Cornejo, et al., No. C 94-206 SBA, 1996 WL 107271 (N.D. Cal. 1996).

7        Shortly after this case was terminated, Barrenechea was tried and convicted, and
8  later sentenced on April 15, 1996 in the drug trafficking action before Judge Henderson.
9  Cornejo, Dkt. 1739.  At sentencing, Barrenechea, through counsel, sought to strike
10 paragraphs 71 through 76 of the Presentence Report ("PSR"), which summarized the
11 escape charges.  Cornejo, Dkt. 2370 at 1 n.1.  Judge Henderson stated that he was not
12 considering the information contained within those paragraphs and denied the motion, and
13 imposed a life sentence.  Id.  On August 18, 1998, Barrenechea's conviction and sentence
14 were upheld by the Ninth Circuit Court of Appeals.  See United States v. Avila, 153 F.3d
15 931 (9th Cir. 1998), amended by 170 F.3d 863 (9th Cir. 1999).

16       On November 29, 2010, Barrenchea filed a pro se "Motion to Expunge – Striking
17 the Numbers 71 through 76 from the Presentence Report."  Cornejo, Dkt. 2369.  In his
18 motion, Barrenechea alleged that, in violation of the Privacy Act, the Bureau of Prisons
19 ("BOP") is maintaining erroneous information relating to the escape charges in his prisoner
20 central file, and that such information was being used to impose restrictions on the terms of
21 his confinement.  On January 5, 2011, Judge Maxine Chesney, the judge to whom the drug
22 trafficking case was reassigned from Judge Henderson, denied the motion.  Id. Dkt. 2370.
23 Among other things, she found a challenge to the conditions of Barrenechea's confinement

1 could not be brought in the underlying criminal case and instead must be brought in a
2 separate action.  Id.[1]
3   In the instant action, Barrenechea has now filed a pro se motion which seeks to
4 expunge paragraphs 71 through 76 of the PSR prepared in connection with his drug
5 trafficking case.  Like the motion filed in the drug trafficking case, Barrenechea again
6 alleges that, in violation of the Privacy Act, such information is being used by the BOP to
7 impose restrictions on him at USP-Victorville.  Dkt. 433 at 3.

8 **II.     DISCUSSION**
9   The threshold issue before the Court is whether Barrenechea's request is properly
10 before the Court.  It is not.  Barrenechea's motion is essentially the same as the one which
11 he filed in his drug trafficking case that was denied by Judge Chesney.  He has presented no
12 compelling reasons to reconsider her ruling.  That notwithstanding, the Court finds that
13 Barrenechea cannot challenge the conditions of his confinement through filing a motion in
14 a criminal action which has long been dismissed.  Moreover, the relief sought by
15 Barrenechea is directed to the BOP, which is not nor has ever been a party to this action.
16 Thus, the Court finds that Barrenechea's motion is improper and must therefore be denied.

17   For the benefit of Barrenechea, the Court notes that to the extent that he desires to
18 pursue his putative claims against the BOP, the proper course of action is to file a new civil
19 action.  See Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973) (holding that a civil suit is
20 proper remedy for challenge to conditions of confinement).  The Privacy Act provides for
21 venue in any of the following districts:  (1) the district where the plaintiff resides or has his
22 principal place of business; (2) the district where the records at issue are located; or (3) the
23 District of Columbia.  See 5 U.S.C. § 552a(g)(5).  Given that Barrenechea is incarcerated in
24 USP-Victorville, coupled with the fact that the challenged records are alleged to be located
25

---

26 [1] Barrenechea then filed a motion for reconsideration, which Judge Chesney denied. Cornejo, Dkt. 2372.  Barrenechea filed a Notice of Appeal; however, Judge Chesney
27 certified that such appeal was frivolous within the meaning of 28 U.S.C. § 1915(a)(3).  Id. Dkt. 2375.  On August 31, 2012, the Ninth Circuit agreed and dismissed the appeal.  Id.
28 Dkt. 2383.

there, the Court notes that the Central District of California, not the Northern District, appears to be the appropriate venue for Barrenechea's Privacy Act claims.  See Pickard v. Dept. of Justice, No. C 10-05253 LB, 2011 WL 2199297, *2 (N.D. Cal. June 7, 2011) (finding that Privacy Act claims filed by federal prisoner were properly venued in the District of his incarceration).[2]

### III.  CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendant Barrenechea's Motion Seeking Relief Along with Monetary Damages for Violation of the Privacy Act by the Federal Bureau of Prisons is DENIED without prejudice to filing his claim as a new action in a court of competent jurisdiction where venue is proper.  This Order terminates Docket 433 and 437.

IT IS SO ORDERED.

Dated: June 17, 2013

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

USA,

---

[2] A federal inmate may, under certain circumstances, state a claim against the BOP under the Privacy Act for willfully or intentionally failing to maintain accurate records. Sellers v. Bureau of Prisons, 959 F.2d 307 310 (D.C. Cir. 1992).  The Court makes no finding as to whether the Privacy Act applies here under the factual scenario presented. Rather, that issue must be adjudicated in a separate lawsuit in which the BOP is a party.

|   |   |
|---|---|
| | Plaintiff, |
| v. | |
| BARRENECHEA et al, | |
| | Defendant. |

Case Number: CR94-00206 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 17, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

**Miguel Angel Barrenechea** (2)
# 71686-011
USP Victorville
P. O. Box 3900
Adelanto, CA 92301

Dated: June 17, 2013
                                  Richard W. Wieking, Clerk
                                      By: Lisa Clark, Deputy Clerk